■ WILLIAM ISELIN & CO., INC., Respondent, v MANN JUDD LANDAU, Appellant.—Order of the Supreme Court, New York County (Arthur E. Blyn, J.), entered March 14, 1986, which denied the motion of the defendant for summary judgment dismissing the first cause of action, reversed to the extent appealed from, on the law, and the motion for summary judgment granted with costs.

The plaintiff factor had, as one of its clients, a Florida women's suit and sportswear manufacturer known as Suits Galore, Inc. Substantial loans were made by the factor, unsecured by accounts receivable, and while the factor's loan committee approved thereof, it directed that the credit be reduced because of concern about the possibility that the factor was funding losses. While the loan was reduced somewhat, eventually Suits Galore filed for bankruptcy.

The plaintiff factor sued the defendant accounting firm, alleging causes of action for gross negligence, fraud and negligence. The causes of action for gross negligence and fraud were dismissed, and the only issue before the court now is whether a cause of action for negligence should be sustained.

To the extent that the plaintiff may have considered the reports from the accounting firm, they were clearly only "review" reports and not certified. It was made specifically clear that no opinion was expressed. Moreover, the plaintiff factor did its own analysis of Suits Galore, Inc. and its relationship to the client's accountant was insubstantial. Accordingly, as to the three elements set forth in *Credit Alliance Corp. v Andersen & Co.* (65 NY2d 536, 551), there is an insufficient basis to hold liable the defendant accounting firm on any negligence basis. Concur—Kupferman, J. P., Rosenberger, Ellerin and Smith, JJ.

Kassal, J., dissents and would affirm for the reasons stated by Blyn, J., at Special Term.